IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKY COOPER, et al., )
)
              Plaintiffs, )
)
  v. ) No. 98 C 2930
)
ROCCO J. CLAPS, Director, Illinois )
Department of Human Rights, )
)
              Defendant. )

## MEMORANDUM ORDER

For over 25 years this Court has maintained an unbroken string of reports, originally with the Administrative Office and later (pursuant to the so-called Biden Bill) as a matter of public disclosure, reflecting that no motions have been pending for the periods of time called for by such reports. Although the Biden Bill accomplished some salutary ends by providing for public disclosure and by curbing some preexisting judicial practices that skewed the reporting function, it sometimes operated unfairly from the judicial perspective by starting the reporting clock ticking 30 days after the initial submission of a motion. That unfairness is exemplified by the frequently encountered situation in which parties are working on the case (and particularly the pending motion) in a fashion that does not bring the matter to issue for an extended period of time--a situation that in turn limits the judge's opportunity to deal with the matter even though none of the delay has been occasioned by the judge himself or herself.

That is precisely the situation here, in which a member of the plaintiff class filed a motion in February of this year charging that defendants had not complied with the dispositive orders that this Court had issued on January 29, 1999 and November 1, 2001 that closed out the case. Original counsel for the plaintiff class then came into the matter, and the motion has since been continued by agreement of the parties from time to time. In the most recent of those extensions, defendants have asked without opposition for further time to file a brief (and an oversized one at that) on or before September 13--a time frame that would allow this Court all of two weeks to address and dispose of a matter that defense counsel believe will require them to fill up 30 pages in dealing with complex factual and legal issues.

With all respect, that is not fair to this Court. Because of the nature of the original motion, the following order is entered:

    1. Plaintiffs' motion for a rule to show cause is <u>granted</u>--after all, that is precisely what defendants will be doing in the response now due on September 13.

    2. What the computer treats as the second branch of plaintiffs' motion--one seeking sanctions--is <u>denied</u> without prejudice. It will be time enough, as and when the question of compliance or noncompliance with this Court's final order

2

has been resolved, to determine whether that resolution should carry with it the imposition of sanctions of any nature, and if the plaintiff class prevails their counsel will then be free to present that issue in light of this Court's disposition on the merits.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:   September 8, 2006